UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARVIN BRANDON, RAFAEL AGUILERA, ALDO MENDEZ-ETZIG, individually and on behalf of all other similarly situated,

        Plaintiff,

v.

3PD, INC.,

        Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action brought on behalf of current and former Illinois delivery drivers challenging Defendant 3PD, Inc.'s ("3PD") unlawful practice of misclassifying delivery drivers as independent contractors instead of as employees.

2. Plaintiffs allege that as a result of Defendant's misclassification, illegal deductions were made from their wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9 and that Defendant was unjustly enriched.

### II. THE PARTIES

3. Plaintiff Marvin Brandon ("Brandon") is an adult resident of Chicago, Illinois. Brandon has provided delivery services for 3PD in the State of Illinois as a delivery driver since approximately 2008.

4. Plaintiff Rafael Aguilera ("Aguilera") is an adult resident of Chicago, Illinois. Aguilera has provided delivery services for 3PD in the State of Illinois as a delivery driver since approximately 2008.

5. Plaintiff Aldo Mendez-Etzig ("Etzig") is an adult resident of Cicero, Illinois. Mr. Etzig provided delivery services for 3PD in the State of Illinois as a delivery driver from approximately August 2011 to March 2012.

6. The above-named plaintiffs bring this action on behalf of a class of similarly-situated individuals, namely, all other persons who have worked for 3PD as delivery drivers in Illinois, all of whom have either been classified as independent contractors or have not been paid or treated as employees.

7. Defendant 3PD is a foreign corporation incorporated under the laws of Georgia with its headquarters in Marietta, Georgia. 3PD does business in Illinois and operates facilities in Illinois.

## III. JURISDICTION

8. The Court has personal jurisdiction over Plaintiffs and the class they seek to represent because they are citizens of the State of Illinois and/or work in the State of Illinois.

9. The Court has personal jurisdiction over Defendant 3PD because it does business in the State of Illinois and its conduct in the State of Illinois underlies all claims in this suit.

10. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). Taken individually, Plaintiffs' claims exceed $75,000 and Plaintiffs' class claims in total exceed $5 million.

**IV.     STATEMENT OF FACTS**

11.     3PD is in the business of providing the delivery of appliances, furniture, and other merchandise to its customers.  3PD provides delivery services in Illinois for companies such as Macy's, Lowe's, Ashley's Furniture, and H.H. Gregg.  In order to carry out this central function, 3PD purports to contract with individuals such as the Plaintiffs, to drive a delivery truck and to deliver merchandise to customers' homes.

12.     3PD provides delivery services for Macy's out of a facility in Minooka, Illinois.

13.     3PD provides delivery services for Ashley's Furniture out of a facility in Bolingbrook, Illinois.

14.     3PD provides delivery services for H.H. Gregg out of its facility in Aurora, Illinois.

15.     3PD provides delivery services for Lowe's in Illinois out of Lowe's stores.

16.     Plaintiffs and other delivery drivers performed delivery services for 3PD.  In order to receive such work, 3PD required some of the Plaintiffs to sign an agreement which stated that Plaintiffs were independent contractors.

17.     Although 3PD classifies named Plaintiffs, as well as other class plaintiffs, as independent contractors, the behavioral and financial control manifested over the drivers by 3PD demonstrates that they are 3PD's employees.  Such control includes, but is not limited to the following matters:

a.      Plaintiffs, as well as the other class plaintiffs, are required to report to facilities maintained by 3PD in Illinois by 6 a.m., six to seven days a week, at which time the Plaintiffs are provided with a list of deliveries which they must make.

      b.      Plaintiffs, as well as the other class plaintiffs, are instructed to load the goods to be delivered onto their trucks in a specific order.

      c.      The manifests received by Plaintiffs, as well as the other class plaintiffs, instructs them as to who deliveries must be made to, the order in which deliveries are to be made, and locations where deliveries are to be made.

      d.      Plaintiffs, as well as the other class plaintiffs, are required to wear a uniform when making deliveries for 3PD.

      e.      Plaintiffs, as well as the other class plaintiffs, are required to carry a cell phone so that they may receive calls from 3PD. 3PD contacts Plaintiffs during the day with instructions related to cancellations and rescheduling of deliveries.

      f.      Plaintiffs, as well as the other class plaintiffs, are required to call 3PD after each delivery.

      g.      Plaintiffs, as well as the other class plaintiffs, leave their trucks at the 3PD facility when they were not making deliveries.

      h.      3PD subjects Plaintiffs to a rating system, which 3PD utilizes to determine whether to continue the Plaintiffs' services or not.

      i.      3PD requires all Plaintiffs to submit to background checks and drug tests.

      18.      Plaintiffs work full-time for 3PD, often working six or seven days per week and 12 to 14 hours per day delivering appliances, furniture, or other merchandise for 3PD.

      19.      3PD requires delivery drivers with which it contracts to have or lease a truck that meets specifications determined by 3PD.

20. Plaintiffs, as well as the other class plaintiffs, perform work which is in the usual course of business of 3PD – i.e. the Plaintiffs perform delivery services and 3PD is engaged in the business of providing delivery services to its customers.

21. Plaintiffs, as well as the other class plaintiffs, do not have an independently established trade or business in that they do not perform delivery services for anyone else, they are dependent upon 3PD for their work, they do not negotiate with 3PD's customers regarding the rates charged for their services, and they do not contract with 3PD's customers independently.

22. 3PD retains the right to terminate Plaintiffs and other class members if 3PD determines that Plaintiffs are not performing their work up to 3PD's standards.

23. 3PD deducts certain expenses directly from Plaintiffs' checks, including deductions for insurances (including workers' compensation insurance) and administrative costs, and compels Plaintiffs to incur certain expenses which would normally be borne by an employer, such as for fuel costs, vehicle maintenance costs, and payments to helpers.

24. When 3PD determines, in their discretion, that a delivery has been made in a manner it deems to be unsatisfactory (e.g., damaged goods, damage to customer property), 3PD will deduct the costs of such damage from Plaintiffs' pay checks. Plaintiffs cannot appeal such deductions.

25. Starting in approximately November 2011, Plaintiff Etzig complained to 3PD managers about its practice of making deductions from his pay.

26. While 3PD initially reimbursed Etzig for the deductions, it stopped doing so in 2012. Etzig continued his complaints to 3PD and on March 2, 2012, 3PD terminated Etzig.

## V. CLASS ALLEGATIONS

27. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 for the following class:

> all persons who have provided delivery driver services directly for 3PD in the State of Illinois at any time during the relevant statutory period, who were not treated as employees of 3PD.

28. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiffs believe that the Class numbers in the hundreds.

29. Common issues of law and fact predominate the claims of the entire Plaintiff Class. Specifically, all claims are predicated on a finding that 3PD misclassified its drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiffs are identical to the claims of the class members.

30. The named Plaintiffs are adequate representatives of the class because all potential plaintiffs were subject to 3PD's uniform practices and policies. Further, the named Plaintiffs and the potential class plaintiffs have suffered the same type of economic damages as a result of 3PD's practices and policies.

31. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

32. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the

Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

### Count I
### Illinois Wage Payment and Collection Act
### (Class Action)

33. Plaintiffs incorporate Paragraphs 1- 32 herein.

34. 3PD violated the IWPCA, 820 Ill. Comp. Stat. 115/1 et seq., by failing to properly compensate Plaintiffs for all hours worked.

35. Additionally, 3PD violated the IWPCA, 820 Ill. Comp. Stat. 115/1 et seq., by making unlawful deductions from Plaintiffs' pay.

36. Plaintiffs seek all unpaid wages as well as reimbursement for all unlawful deductions taken by 3PD from their pay.

### Count II
### Unjust Enrichment
### (Class Action)

37. Plaintiffs incorporate Paragraphs 1-32 herein.

38. As a result of 3PD's mischaracterizing of Plaintiffs as "independent contractors," Plaintiffs are forced to pay substantial sums of money for work-related expenses, including but not limited to the purchase or lease of vehicles meeting 3PD's specifications, and all costs of operating, insuring and maintaining those vehicles.

39. Further, by mischaracterizing Plaintiffs as "independent contractors" 3PD evades employment related obligations, such as social security contributions, workers' compensation coverage, and state disability and unemployment compensation. 3PD illegally shifts these costs, including workers compensation insurance and other expenses, to Plaintiffs.

40. By misclassifying their employees as "independent contractors," and further by requiring those employees to pay 3PD's own expenses, 3PD has been unjustly enriched.

## COUNT III
### Retaliation
### (On behalf of Aldo Mendez-Etzig only)

41. 3PD unlawfully retaliated against Plaintiff Etzig in violation of 820 Ill. Comp. Stat. 114/14(c) by terminating him in response to his assertion of his rights under the Illinois wage laws.

## Prayer for Relief

WHEREFORE, Plaintiffs request that the Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

2. Restitution for all deductions taken from Plaintiffs' and the Class' pay;

3. Restitution for all of Defendant's operating expenses that Plaintiffs and the Class were forced to bear;

4. Statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

5. Damages for the termination of Aldo Mendez-Etzig;

6. Prejudgment interest;

7. Attorney's fees and costs;

8. Any other relief to which the Plaintiffs and the Class members may be entitled.

DATED: May 20, 2013            Respectfully Submitted,
MARVIN BRANDON, RAFAEL AGUILERA, ALDO MENDEZ-ETZIG, individually and on behalf of all others similarly situated,

By their attorneys,


/s/ Marc J. Siegel
Marc J. Siegel, #06238100
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Ste. 3150
Chicago, IL 60601
Tel. (312) 540-1230
Fax (312) 540-1231
msiegel@cslaw.com
bmanewith@cslaw.com

Harold L. Lichten BBO# 549689
Benjamin J. Weber BBO# 673736
*Pro hac vice* admission pending
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994 5800
hlichten@llrlaw.com
bweber@llrlaw.com

9