**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARVIN BRANDON, RAFAEL AGUILERA, ALDO MENDEZ-ETZIG, individually and on behalf of all other similarly situated, | |
| Plaintiffs, | Case No. 13-CV-3745 |
| v. | **Judge Ronald A. Guzman** |
| 3PD, INC., | Magistrate Judge Geraldine Soat Brown |
| Defendant. | |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY OF ROBERT CRANDALL

3PD puts forward Robert Crandall's report for the sole purpose of addressing Prong 3 of the independent contractor test of the Illinois Wage Payment and Collection Act ("IWPCA"). Under Prong 3, 3PD must demonstrate that that Plaintiffs operated independently established businesses. Crandall's report concludes that 3PD's delivery service providers operate independently established businesses. This is exactly the kind of legal conclusion that can only be decided by the court and, therefore, "isn't the proper subject of expert testimony." In re FedEx Ground Package Sys., Inc. Employ. Pract. Litig., 2010 WL 1838400, *5 (N.D. Ind. 2010) (holding that plaintiffs' proffered expert testimony as to FedEx's control of the work of delivery drivers was inadmissible). In fact, 3PD has already cited Crandall's report as evidence that it meets Prong 3 in its opposition to Plaintiffs' motion for class certification. See Def.'s Opp to Class Cert. at p. 18 (Docket No. 63). This further supports Plaintiffs' motion to exclude.

Furthermore, even if Crandall's testimony includes more than a bare legal conclusion, it should be excluded because it is not helpful and, therefore, fails to meet the relevancy requirement of Rule 702. The question under Prong 3 is whether a putative employee is solely

dependent upon one company, or companies similar to the putative employer, for his business.

AFM Messenger Serv., Inc. v. Dep't of Employment Sec., 763 N.E.2d 272, 285 (Ill. 2001)

(quoting Jack Bradley, Inc. v. Dep't of Employment Sec., 585 N.E.2d 123, 126 (Ill. 1991).  Here,

Plaintiffs worked solely for 3PD and were wholly reliant on 3PD for customers, delivery routes,

and merchandise to deliver.  Whether 3PD can satisfy Prong 3 will be decided on these facts

alone.

Crandall's report, meanwhile, looks at 1) the requirement for capital investment; 2) the

opportunity to expand compensation by operating multiple trucks with 3PD; 3) the opportunity

to generate profits and losses through the hiring of others to operate 3PD's trucks; and 4) the

opportunity to generate profit, loss through managerial decisions in the course of their

relationship with 3PD.  See Report of Robert Crandall at 3-4.  These factors bear no relationship

to the analysis courts apply under Prong 3.  As a result, his testimony does not meet the

relevancy requirement of Rule 702.  See Uniloc USA, Inc. v. Microsoft Corp., 632 F.3d 1292,

1315 (Fed.Cir.2011) (explaining that in Daubert "the Supreme Court assigned to the district

courts the responsibility of ensuring that all expert testimony pertains to 'scientific, technical, or

other specialized knowledge' " under Rule 702, and that "[e]xpert testimony which does not

relate to any issue in the case is not relevant and, ergo, non-helpful") (quoting Fed. R. Evid.

702).  Furthermore, as shown in 3PD's opposition to Plaintiffs' motion for class certification, the

facts examined by Crandall require no expert analysis.  His opinion, therefore, is not based on

any specialized knowledge and fails to meet the requirements of Rule 702.

**I.**    **3PD HAS SHOWN THAT CRANDALL'S TESTIMONY CONSISTS OF A BARE
        LEGAL CONCLUSION.**

It is clear looking at 3PD's briefing on class certification that Robert Crandall's

testimony consists solely of one legal conclusion – that Plaintiffs operated independently

established businesses. 3PD argues that it should be allowed to present Crandall's testimony because no case cited by Plaintiffs' excluded testimony regarding contractors' "ability to profit" from the labor of other individuals. 3PD, however, has cited no cases where such legal conjecture has been found to be admissible.

In its class certification opposition, 3PD cites to Crandall's testimony solely for its favored legal conclusion that it satisfies Prong 3. This prong of the IWPCA requires 3PD to show that Plaintiffs are "in an independently established trade, occupation, profession or business." See 820 Ill. Comp. Stat. 115/2. In its brief, 3PD's opposition states that based on the facts 3PD has identified regarding Plaintiffs' use of secondary drivers and helpers,"[a]s Mr. Crandall explained in his expert report, this is consistent with a business operation." See Def.'s Opp. to ClassCert.at p. 18 (Docket No. 63). This is exactly the kind of legal conclusion that is inadmissible under Rule 702.

Similarly, 3PD's attempt to mask Crandall's legal conclusion as a finding of fact regarding Plaintiffs' so-called "profit" must fail. Whether the funds received by Plaintiffs are "profit" or "wages" depends wholly on their employment classification under the IWPCA. Rather than present expert opinion as to the facts, Mr. Crandall's report reads "more like a litigant's submission to the court" and is, therefore, inadmissible. See Old Republic Ins. Co. v. Ness, Motley, Loadhold, Richardson & Pool, P.A., 2006 WL 3782994, *2 (N.D. Ill.2006)

Accordingly, courts have widely excluded expert testimony as to the ultimate conclusion concerning the determination of an individual's employment status. See, e.g., In re FedEx Ground Package Sys., Inc. Employ. Pract. Litig., 2010 WL 1838400, *5 (N.D. Ind. 2010) (holding that plaintiffs' proffered expert testimony as to FedEx's control of the work of delivery drivers was inadmissible); Perkins v. Southern N.E. Tel. Co., 2011 WL 336715,*3-4 (D. Conn.

3

2011) (excluding expert testimony regarding whether plaintiffs qualified for management overtime exemption in the FLSA); Bostic v. Connor, 524 N.E. 2d 881, 885-86 (Oh. 1988) (excluding expert testimony on whether employment relationship was formed); Scovil v. FedEx Ground Package Sys., Inc., 2012 WL 10181062,*1 (D.Me. 2012) (granting motion to exclude expert testimony on employer's control of the work). For the same reasons discussed in these cases, and in Plaintiffs' initial brief, the Court should exclude Crandall's opinion as to whether 3PD meets Prong 3.

## II. CRANDALL'S TESTIMONY DOES NOT OTHERWISE MEET THE RELEVANCE REQUIREMENT UNDER RULE 702.

Under the Daubert analysis, proposed expert testimony must be relevant. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591 (1993) ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.") (citing 3 Weinstein & Berger ¶ 702, p. 702–18). 3PD argues that Crandall's testimony is relevant to supporting its argument that it meets Prong 3 of the independent contractor test. See Def.'s Opp. to Class Cert. at 18 (Docket No. 63). Crandall analysis, however, is not relevant because it does not assist this Court with its determination regarding whether Plaintiffs' operate independently established businesses.

In Hart v. Johnson, 386 N.E.2d 623, 626 (Ill. App. Ct. 1979), the court found that vacuum cleaner dealers who contracted to provide sales services as independent contractors and who were allowed to sell competitors' vacuums, as well as hire helpers to make deliveries, did not operate independently established businesses. Rather, the court found:

> [I]t is apparent that the act contemplates that one who is engaged in an independent enterprise is an individual who has a proprietary interest in such business to the extent that he can operate same without hindrance from any individual whatsoever and whose business also is free from control. Here, the so-called dealers had no business to sell or give away. They were dependent on the appellant for their employment. . . . Although appellant urges that the individuals were free to carry other lines, it is a fact that there is no evidence that any of the individuals did so.

4

Id. at 629 (quoting Murphy v. Daumit, 56 N.E.2d 800, 805 (Ill. 1944)).

In Jack Bradley, the Illinois Supreme Court held that food demonstrators who worked part-time for a food distributor did not operate independent businesses because the evidence revealed no proprietary interest of the food demonstrators in any food or product demonstration business, and that the evidence did not show that the demonstrators were able to operate largely without the benefit of a relationship with Jack Bradley or another "demo" company. Jack Bradley, Inc. v. Dep't of Employment Sec., 585 N.E.2d 123, 130-31 (Ill. 1991). Just because demonstrators could work for other "demo" companies was not dispositive because these other relationships could simply have been merely supplemental part-time employment. Id. (food demonstrators "had no business to sell or give away").

Similarly, in AFM Messenger Serv., Inc. v. Dept of Employment Sec., 763 N.E.2d 272, 285 (Ill. 2001), the Illinois Supreme Court held that delivery drivers did not operate independent businesses because "the evidence did not demonstrate that the drivers were able to operate their "delivery businesses" without the benefit of a relationship with AFM, or another messenger service company like AFM."

Plaintiffs here worked solely for 3PD and relied on 3PD for everything from their delivery routes to the merchandise they delivered. Accordingly, whether Plaintiffs made a "capital investment," operated multiple trucks for 3PD, hired helpers, or increased their revenue by making managerial decisions is not relevant for deciding liability under the IWPCA. Rather, Crandall's report does not address whether Plaintiffs had a "business to sell or give away" and, therefore, fails to provide a helpful analysis under Prong 3. As a result, Crandall's report is not relevant and should be excluded under Rule 702.

### III.    CRANDALL'S TESTIMONY DOES NOT HELP THE COURT UNDERSTAND THE FACTS.

3PD argues that Crandall's testimony is admissible under Rule 702 because it aids the Court in understanding the facts.  Def.'s Opp. at 7-8.  The record shows that this is not correct.

Crandall's report relies on several so-called facts, including 1) Plaintiffs invest their own capital in their vehicles, 2) some Plaintiffs operated multiple trucks, 3) Plaintiffs made a "profit," and 4) that Plaintiffs "negotiated delivery prices."[1]  These so-called facts require no expert analysis.  Rather, 3PD makes the same assertions in its opposition to Plaintiffs' motion for class certification relying solely on deposition testimony.[2]  Crandall's report merely parrots these easily discernable facts (or, some cases, mere opinions), and comes to the conclusion that Plaintiffs operated independent businesses.

3PD further argues that any doubts should be resolved in favor of admissibility.  See Def.'s Opp. at p. 7-8.  The cases cited by 3PD, however, only serve to illustrate why courts habitually exclude expert testimony that only assert a legal conclusion.  For example, in United States v. Young, 316 F.3d 649, 655 (7th Cir. 2002), the Seventh Circuit held that, during a trial on charges of domestic violence, where the victim recanted an earlier statement implicating the defendant, the trial court properly admitted the expert testimony of a psychologist who stated that victims of domestic violence commonly recant their accusations and that the victim exhibited this not uncommon behavior pattern.  The court found that the psychologist's testimony on "battered women's syndrome" would help the jury determine the facts by aiding

---

[1]    The record shows that this is wholly incorrect.  Contractors are all paid a flat rate per delivery and the rate is uniform depending on the retailer.  Contractors cannot negotiate the amount they are paid per stop with 3PD, the retailer, or the customers.

[2]    See, e.g., Def.'s Opp.to Class Cert (Docket No. 63) at p. 5 ("By this time, Mr.Aguilera understood the business and wanted to invest his own capital and reap the benefits of being a business owner.") ; p. 10 ("Mendez-Etzig was able to clear a profit"); p. 11 ("LABB Trucking started with two trucks and eventually expanded to five.").

their credibility determination.  Id. at 657-58.  Crandall's testimony, meanwhile, only serves to trumpet his own conclusion that Prong 3 has been met.

3PD further argues that any doubts as to admissibility should be resolved in favor of admitting Crandall's testimony.  But the one case cited by 3PD for this proposition makes no such statement and is inapposite.[3]  Moreover, 3PD's attempt to rely on a low bar for admissibility of expert opinion should not allow it to subvert the requirements of Rule 702.

Respectfully Submitted,

MARVIN BRANDON, RAFAEL AGUILERA, ALDO MENDEZ-ETZIG, individually and on behalf of all others similarly situated,

By their attorneys,


/s/ Bradley Manewith
Bradley Manewith, #06280535
Alejandro Caffarelli, #06239078
Marc J. Siegel, #06238100
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Ste. 3150
Chicago, IL 60601
Tel. (312) 540-1230
Fax (312) 540-1231


/s/ Harold L. Lichten
Harold L. Lichten BBO# 549689
Benjamin J. Weber BBO# 673736
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994 5800

DATED: March 19, 2014

---

[3]     In United States v. Lamarre, 248 F.3d 642, 649 (7th Cir. 2001), the Seventh Circuit held that the exclusion of a defendant's expert opinion that the defendant lacked the mental capacity to commit bank fraud was merely harmless error because no reasonable juror could conclude that the defendant was ignorant of the fraud scheme.  This case is simply irrelevant.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served a copy of the attached document, Plaintiffs' Motion and Memorandum in Support of their Motion for Class Certification, to the individuals listed below by electronically filing the same with the Clerk of the U.S. District Court of the Northern District of Illinois on March 19, 2014:

Robert L. Browning
James T Spolyar
Scopelitis, Garvin, Light & Hanson & Feary, P.C.
10 West Market Street, Suite 1500 Indianapolis, IN 46204

Adam Carl Smedstad
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
30 W Monroe Street, Suite 600
Chicago, IL 60603

Bradley Manewith, #06280535
Alejandro Caffarelli, #06239078
Marc J. Siegel, #06238100
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Ste. 3150
Chicago, IL 60601

                                    /s/ Harold Lichten
                                    Attorney for Plaintiffs