# EXHIBIT A

# L I C H T E N  &  L I S S - R I O R D A N ,  P. C.

ATTORNEYS AT LAW

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS  02116

HAROLD L. LICHTEN†
SHANNON LISS-RIORDAN◊

BENJAMIN J. WEBER□
PETER M. DELANO
MATTHEW W. THOMSON
JILL S. KAHN◊
ADELAIDE H. PAGANO
THOMAS P. FOWLER◊

TELEPHONE  617-994-5800
FACSIMILE  617-994-5801

WWW.LLRLAW.COM

†ALSO ADMITTED IN MAINE
◊ALSO ADMITTED IN NEW YORK

□ALSO ADMITTED IN TENNESSEE

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND OPPORTUNITY TO OPT OUT OR OBJECT FOR INDIVIDUALS WHO CONTRACTED TO PROVIDE DELIVERY SERVICES FOR 3PD, INC. N/K/A XPO LAST MILE, INC. D/B/A XPO LOGISTICS IN ILLINOIS

\_\_\_\_, 2015

Dear Current or Contract Carrier:

We are writing to inform you that a proposed settlement has been reaching with 3PD, Inc. n/k/a XPO Last Mile, Inc. d/b/a XPO Logistics covering the period of time from January 1, 2008 through the present.  You have been identified as a Carrier who signed a Delivery Service Agreement with 3PD or XPO Last Mile either individually or on behalf of another entity for the provision of delivery services in Illinois and personally provided delivery services for 3PD or XPO Last Mile in Illinois.  As a result, you are entitled to a portion of the settlement. Below are answers to some questions you may have regarding the lawsuit, the settlement of the lawsuit, and your eligibility to receive money as a result of the settlement.

### *Why am I receiving this Notice?*

A class action lawsuit was filed against 3PD in 2013 that alleged that 3PD violated the Illinois Wage Payment and Collection Act by classifying its delivery service providers as independent contractors instead of as employees and, as a result, failed to properly compensate those providers for all hours worked and took deductions from their compensation checks in violation of Illinois law.  Thereafter, 3PD became known as XPO Last Mile, Inc., a company that does business as XPO Logistics ("XPO").  After extensive litigation, and subsequent negotiations, the class representatives (Marvin Brandon, Rafael Aguilera, and Aldo Mendez-Etzig) and XPO have reached a proposed settlement that covers all members of the Settlement Class during the Class Period.

# LICHTEN & LISS-RIORDAN, P.C.

This notice describes the settlement, which is pending final Court approval, and informs you of how to receive your allocated share of the settlement, if you are eligible. This notice also provides you an opportunity to object to such settlement, if you so choose, or to opt out of such settlement.

You can take part in the Settlement by returning the enclosed Claim Form and Individual Release ("Claim Form") and W-9 tax form to our office, which must be received or postmarked no later than [**45 days after mailing date**].

### *What is the Settlement Amount and How will it be Distributed?*

Under the proposed settlement, XPO will pay $2,800,000 ("the Settlement Amount"). A hearing on the final approval of this settlement is currently scheduled for [INSERT DATE] at \*\*\* p.m. Subject to Court approval, up to one-third of the Settlement Amount will be paid from the Settlement Amount (*i.e.*, $933,000) for the attorneys' fees, expenses and costs for bringing the lawsuit, and administering this settlement. Additionally, subject to Court approval, up to $20,000.00 each will be paid from the Settlement Amount to Rafael Aguilera and Aldo Mendez-Etzig and up to $10,000 will be paid to Marvin Brandon, as incentive payments for their services in bringing this lawsuit and serving as Class Representatives. Additionally, subject to Court approval, up to $5,000 will be paid to Aldo Mendez Etzig to settle his individual claim against XPO for retaliation. The remainder of the Settlement Amount ("the Net Settlement Amount") will be allocated as follows.

The remainder of $1,812,000 will constitute the Net Settlement Amount and will be distributed to Carriers who submit timely claims as described below. Carriers who have submitted timely Claim Forms will receive a pro rata share based on the amount of time they provided services to XPO and the amount of deductions taken from payments made to them. The exact amount that you will receive from the Net Settlement Amount will depend upon the number of individuals who submit timely and valid Claim Forms.

The settlement shares will be paid in two distributions. The first distribution will be made shortly after XPO makes its payment in full. The second distribution will be made 45 days later. This is a non-reversionary settlement meaning that any remaining amounts in the Net Settlement Amount will not be returned to XPO.

We strongly believe that this is a favorable settlement and will constitute a significant percentage of actual damages that you may have incurred as a result of any alleged misclassification. Based upon our many hours of work on this litigation, there is a risk that Plaintiffs would not prevail in this litigation and, given that the calculation of potential damages is difficult, we believe that the settlement is fair and reasonable and is favorable to you.

If the Court grants final approval of the Settlement, the lawsuit will be dismissed with prejudice against XPO and, unless you specifically exclude yourself from the settlement as described below, you will fully release and discharge XPO from any and all claims that are asserted in the lawsuit or that arise from or are related to the facts alleged in the lawsuit. When

# LICHTEN & LISS-RIORDAN, P.C.

claims are "released," that means that a person covered by the release cannot sue XPO for any of the claims that are covered by the release. The claims you are releasing as a member of this settlement are listed at the bottom of the claim form you are required to sign to receive your share of the Settlement.

You should be aware that Illinois law prohibits any retaliation against any individual who participates in this type of litigation or who elects to take a settlement distribution and XPO has made assurances that they encourage all members of the Settlement Class to claim their share of the settlement without any fear of retaliation.

*What are my Options?*

You can participate in the settlement or, if you do not want to accept the settlement, you have the right to object to the fairness of this settlement, or to opt out of the settlement. To do so, you must follow the instructions described below.

**In order to participate in the settlement and receive your payment, you must complete, sign, and send the attached Claim Form to our office at the address above and the forms must be received by us or postmarked no later than [45 days after mailing notice].**

If you wish to object to the proposed settlement, you must file your written objection with our office as soon as possible, but at least by [45 days from date of mailing]. Your written objection must set forth any legal or factual arguments supporting the objection. We will file your objection with the Court before the final approval hearing.

There will be a court hearing on [INSERT DATE AND TIME]., at the United States District Court at 219 South Dearborn Street, Chicago, Illinois 60604, Courtroom 1219, at which time Federal Judge Ronald A. Guzman will decide whether to grant final approval of the settlement. You are free to attend this hearing, and if the court permits, voice any objection you may have.

You may opt out of the settlement by submitting a request for exclusion to our office as soon as possible, but no later than [**45 days after mailing**]. This request for exclusion should include your name and address, and should state: (1) that you are requesting to be excluded from the class settlement in the case *Brandon v. 3PD, Inc.*, Civil Action No. 13-cv-03745; and (2) that you understand that by excluding yourself from the settlement, you will receive no funds in conjunction with the case. If you exclude yourself, you will not participate in these proceedings, nor will you receive any recovery from the Net Settlement Amount. You will retain the right to assert any Illinois state law claims you may have against XPO relating to the payment of wages or hours of work. **If you decide to opt out of the settlement, we will no longer be representing you regarding your claims against XPO and you will not receive your allocation of any settlement we have obtained from XPO. You have the right to consult with an attorney of your choosing should you care to do so.**

# LICHTEN & LISS-RIORDAN, P.C.

If the settlement is approved by the Court and you do not opt out, we expect that all Class Members who return their claim forms by the due date will receive settlement payments in two distributions, with the first coming in [INSERT DATE] and the second in [INSERT DATE]. Please note that since the settlement amount may be taxable, you should contact a tax advisor with any questions regarding that matter.

If you do not return the Claim Form enclosed with this Notice or submit a request for exclusion from settlement, you will not receive any money from this Settlement. **You will, however, remain a member of the Settlement Class, and therefore will release your claims against XPO**.

If you have any questions about the settlement, please feel free to contact our class action administrator Karin Erickson, at 617-994-5800, or you can email Karin at kerickson@llrlaw.com.

Sincerely,

Harold Lichten

4823-5303-1976, v. 1